UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHANIAL BLAINE,

        Petitioner,

    v.

I. JACQUEZ,

        Respondent.

Case No. 18-cv-07625-SI

**ORDER OF DISMISSAL**

       Nathanial Blaine, currently an inmate in the Multnomah County Detention Center in Portland, Oregon, filed this action under 28 U.S.C. § 2241 to challenge his extradition to Oregon from California. He alleges that he was arrested in Berkeley, California on June 29, 2018, by a member of the Washington, D.C., Capital Police for making an interstate threat by email, and was extradited to Oregon a month later pursuant to an order from a federal magistrate judge in Oakland, California. Blaine alleges in his petition that his extradition was improper for several different reasons.

       This case has problems with mootness and jurisdiction. First, once a petitioner's extradition has occurred, his challenge to the extradition becomes moot. *See Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U.S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction'"); *Hunt v. Eyman*, 405 F.2d 384 (9th Cir. 1969) (even if appellant was illegally brought from California to Arizona via extradition, that would not entitle him to the writ). Because Blaine was extradited in or about July 2018, he can no longer challenge the lawfulness of his detention based on alleged defects in the extradition. The action has become moot.

1    Second, this court does not have jurisdiction to entertain a habeas petition from Blaine

2    because he is no longer in this district. Section 2241 allows "the Supreme Court, any justice thereof,

3    the district courts and any circuit judge" to grant writs of habeas corpus "within their respective

4    jurisdictions." 28 U.S.C. § 2241(a). In cases challenging present physical custody, jurisdiction lies

5    only in that district in which the custodian may be found, i.e., the district in which the petitioner is

6    in custody. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-42 (2004); *id.* at 443 ("[F]or core habeas

7    petitions challenging present physical confinement, jurisdiction lies in only one district: the district

8    of confinement."). Where a petitioner is incarcerated in one state and files a § 2241 petition in a

9    federal district court in another state, therefore, the federal district court lacks jurisdiction over the

10   petitioner's custodian and must transfer or dismiss the petition. *See, e.g., Hassain v. Johnson*, 790

11   F.2d 1420, 1420 (9th Cir. 1986) (no jurisdiction in California to address petition where inmate

12   incarcerated in Arizona). The court chooses to dismiss this action, rather than to transfer it to

13   Oregon, because the lack of jurisdiction is accompanied by the mootness problem mentioned in the

14   preceding paragraph. Judicial economy is not promoted by transferring an action that would have

15   to be dismissed as moot by the transferee court.

16   For the foregoing reasons, this action is DISMISSED because it is moot and because the

17   court lacks jurisdiction over it. The clerk shall close the file.

18   **IT IS SO ORDERED**.

19   Dated: April 29, 2019

20   _____

21   SUSAN ILLSTON
     United States District Judge

22

23

24

25

26

27

28